**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, a
Minnesota corporation,

      Plaintiff - Appellee,

v.

CITY OF GREEN RIVER,
WYOMING, CITY OF ROCK
SPRINGS, WYOMING,
SWEETWATER COUNTY, STATE
OF WYOMING JOINT POWERS
WATER BOARD, a governmental
entity,

      Defendant - Appellant.

SURETY ASSOCIATION OF
AMERICA; AMERICAN
INSURANCE ASSOCIATION,

      Amici Curiae.

No. 00-8024
(District of Wyoming)
(D.C. No. 98-CV-1007-B)

**ORDER AND JUDGMENT**[*]

---

   [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR** and **BRISCOE**, Circuit Judges, and **OWEN**, District Judge.[**]

In this diversity case, Defendant-Appellant Wyoming Joint Powers Water Board ("Board") appeals from the District Court's entry of summary judgment in favor of Plaintiff-Appellee St. Paul Fire and Marine Insurance Company ("St. Paul") on its declaratory judgment complaint, discharging St. Paul from any further obligation under a performance bond in a public construction project.[1] Our jurisdiction arises under 28 U.S.C. § 1291. We affirm substantially for the reasons stated by the district court.

This is a dispute arising from a $28.6 million public construction project gone bad. Chronic water shortages in the summer months creating water rationing in Green River, Wyoming prompted the Board to plan for the construction of a 32 million-gallon per day water treatment plant in 1997. The Board entered into a contract with Westates Construction Company ("Westates") to build the new plant and St. Paul, as surety, issued a performance bond to guarantee Westates' performance. The February 1997 construction agreement required substantial completion of the project by December 1, 1998 and included

---

[**]  The Honorable Richard Owen, United States District Judge, United States District Court for the Southern District of New York, sitting by designation.

[1]  The District Court granted summary judgment in a published order dated March 27, 2000. *See St. Paul Fire and Marine Ins. Co. v. City of Green River*, 93 F.Supp.2d 1170 (D. Wyo. 2000) (Brimmer, J.).

a "time is of the essence" clause with a $2,500 per day liquidated damages penalty after the stated December 1 completion date. Westates unfortunately fell way behind in the construction of the plant and the Board issued a notice of termination for default on January 16, 1998. This triggered St. Paul's obligations under the performance bond. Under said bond St. Paul had several options in the event of contractor default, including its right to complete the project on its own. St. Paul chose this option and informed the Board that it could achieve substantial completion by September 24, 1999, paying of course the daily penalty after December 1, 1998. The Board, however, informed St. Paul that, as surety, it stepped into the shoes of the contractor for all purposes and was bound by the "time is of the essence" clause and the December 1, 1998 completion date. During settlement discussions, St. Paul gave the Board an alternate earlier completion date of May 14, 1999, but coupled it with the condition that the Board meet certain of St. Paul's additional costs for expedition. The Board rejected St. Paul's proposed performance whether for the May or September dates and declared the surety to be in breach. St. Paul then commenced this action for a declaratory judgment discharging it from further performance obligations on the ground the Board had breached the terms of the performance bond and both sides thereafter sought summary judgment.

We agree with the District Court's construction of the performance bond. There is no question that while the surety essentially steps into the shoes of the contractor upon the latter's default, it does not follow in this situation with this performance bond (an industry standard agreement) that the surety is bound by the original completion date, noting that while the Board would continue to be entitled to $2,500 per day liquidated damages for lateness, the surety under the bond need only proceed with "reasonable promptness." As held below, since the surety selected one of the bond's options available to it and was ready to proceed to completion, the Board's rejection of its proposed performance breached the agreement.

A reading of this agreement otherwise would be unreasonable. If Westates had defaulted one day before (or even one day after) the original completion deadline, then surely the Board could not argue that the surety would be bound by the original completion date. Further, St. Paul's offer to substantially complete the project by May, a date which the Board concedes would have been acceptable, would have occasioned much greater expense and therefore it was not unreasonable for the surety to seek compensation from the Board for the cost of accelerating performance beyond the "reasonable promptness" standard the bond specified.

Appellant's motion to file a supplemental appendix, filed October 6, 2000, and motion to consider new authority, filed March 8, 2001, are denied.

AFFIRMED.

ENTERED FOR THE COURT


Richard Owen
District Judge